IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE-2, by her parents and Next Friends, JOHN DOE-2, and JULIE DOE-2, and JOHN DOE-2 and JULIE DOE-2,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD SCOTT HUDDLESTON, et al.,<br><br>Defendants. | Case #03-CV-1137 |

## REPORT & RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Plaintiffs' Motion for Leave to File Instanter Fourth Amended Complaint with incorporated memorandum of law [169], Defendant Boys and Girls Club of Prairie Central's Response and Objection [173], Defendants Amy Gahn, Stephanie Nagey, and Prairie Central School District No. 8 Board of Education's Response [174], Plaintiffs' Motion to Clarify their Motion for Leave to File Fourth Amended Complaint [176], and Defendants Amy Gahn and Stephanie Nagey's

Response to Plaintiffs' Motion to Clarify [181].  On August 24, 2005, Judge McDade referred the above listed motions to the undersigned for further proceedings.

The pleading history of this case has been voluminous to say the least.  Plaintiffs' original Complaint [1] was filed May 6, 2003.  Plaintiffs' First Amended Complaint [6] was filed June 12, 2003.  On December 18, 2003, the undersigned filed a Report and Recommendation [36] which limited Plaintiffs' First Amended Complaint and directed the filing of a Second Amended Complaint.  On January 29, 2004, Judge McDade adopted in part and denied in part the previously mentioned Report and Recommendation.  Judge McDade did direct Plaintiffs to file a Second Amended Complaint.  On February 13, 2004, Plaintiffs' Second Amended Complaint was filed [47].  On March 17, 2004, Plaintiffs filed a Motion for Leave to File Third Amended Complaint [53].  On March 24, 2004, Plaintiffs' Motion for Leave to File Third Amended Complaint was allowed and the Third Amended Complaint was filed instanter on March 24, 2004 [56].  Various motions were filed attacking Plaintiffs' Third Amended Complaint [59], [61].  On April 22, 2004, the undersigned filed a Report and Recommendation [63] and a supplemental Report and Recommendation

[67].  On June 16, 2004, Judge McDade adopted both Reports and Recommendations [75].  Thereafter, certain Defendants filed their answers and affirmative defenses [77], [78], [79], [80], [81], [82].  On August 4, 2004, Judge McDade entered an Order [85] ruling upon the Motion to Dismiss by Defendant Boys and Girls Club and Defendant Wegrzyn [59].  Based upon that Order, the remaining Defendants herein answered Plaintiffs' Third Amended Complaint on August 19, 2004 [86].

After this extensive and tortured history concerning pleadings, the parties were finally at issue on Plaintiffs' Third Amended Complaint on August 19, 2004, a full 15 months after Plaintiffs' original Complaint was filed.  A Rule 16 conference which was held October 18, 2004.  Various dates were established in that Scheduling Order [91].

The Scheduling Order covered all three Doe cases (03-CV-1107, 03-CV-1135, 03-CV-1137).  The Court had previously granted a motion to consolidate the three cases for discovery purposes only on December 9, 2003.  The Court, in that minute entry, directed the parties to meet and confer on or before January 5, 2004 so that discovery could be commenced.  The Court's Scheduling Order [91] at paragraph two stated: "No motion to join other parties or to amend the pleadings to be filed

without advance leave of Court which must be filed by July 15, 2005." On May 27, 2005, in the consolidated case 03-CV-1107, this Court entered an order extending fact discovery deadline to August 15, 2005.  The Court *sua sponte* extended the deadline for Plaintiffs to disclose experts to September 1, 2005.  All other deadlines from the Court's previous Scheduling Order remained in effect.  The extensions granted effected all three Doe cases.

On July 15, 2005, Plaintiffs filed the instant Motion for Leave to File Instanter Fourth Amended Complaint [169].

### PLAINTIFFS' PROPOSED FOURTH AMENDED COMPLAINT

Plaintiffs state they wish to amend their Third Amended Complaint to add a breach of contract claim against both the Boys and Girls Club and the School District.  Plaintiffs also wish to amend their already existing intentional infliction of emotional distress claims against Boys and Girls Club and the School District and their already existing negligence claims against the Boys and Girls Clubs to include additional factual allegations.

Plaintiffs state that Defendant School District and Defendant Boys and Girls Club violated their contract concerning one adult per ten students supervision ratio, violated the contract's constant supervision provision,

and that the alleged breach of contract led to sexual harassment of Jane Doe-2 and that Jane Doe-2 has standing as a third party beneficiary to the contract.  Plaintiffs also state that newly discovered evidence supports additional factual allegations relating to intentional infliction of emotional distress and negligence.

Plaintiffs state that their motion for leave to file their Fourth Amended Complaint is timely under the deadlines established by this Court.

The Court has reviewed Plaintiffs' Fourth Amended Complaint attached to their motion [169] and has reviewed the new proposed allegations that were provided in an underlined fashion to the Court by Plaintiffs.  The Court appreciates that courtesy.

In addition, Plaintiffs have filed a motion to clarify [176] their motion for leave to file Fourth Amended Complaint.  Therein, Plaintiffs note that Defendant Boys and Girls Club has correctly pointed out that the Court dismissed the intentional infliction of emotional distress claim against the Boys and Girls Club nearly a year ago.  Plaintiffs attempt to explain that the inclusion of the amended intentional infliction of emotional distress claim against the Boys and Girls Club in their proposed Fourth Amended Complaint was for the purpose of avoiding waiver on appeal and also for

reasons of error and confusion. Plaintiffs' motion to clarify is noted, but said motion fails to clarify the confusion created by Plaintiffs' proposed amended intentional infliction of emotional distress claim against the Defendant Boys and Girls Club.

## DEFENDANTS' OBJECTIONS

Defendant Boys and Girls Club of Prairie Central, in its Response and Objection [173], points out that Plaintiffs' Third Amended Complaint, Count V - Sounding in Intentional Infliction of Emotional Distress, was dismissed on August 4, 2004 [85]. The Boys and Girls Club accurately note that the sole remaining claim against the Boys and Girls Club is one count of negligence in Count VIII of Plaintiffs' Third Amended Complaint.

Defendant Boys and Girls Club argue that Plaintiffs' proposed breach of the contract count which alleges a violation of the student to adult ratio in no way leads to a conclusion that said breach (if any exists) led to the sexual abuse by Jane Doe-2. The Boys and Girls Club argues that the relationship between the alleged breach of contract and the abuse is tenuous, if not irrational ([173] at pg. 4).

The Boys and Girls Club's response and objection also notes other factual reasons why Plaintiffs' proposed Fourth Amended Complaint is

factually incorrect concerning notification of police and DCFS and the parental consent issue.

The Boys and Girls Club notes that Plaintiffs have been in possession of the contract information and the Club's sign-in sheets since the Defendants made their Rule 26 disclosures in October, 2004 (see [94]). Defendant Boys and Girls Club opine that Plaintiffs' motion for leave to file their Fourth Amended Complaint, purported to be based upon newly discovered evidence, is being made in bad faith as the Plaintiffs have been in possession of that information since October of 2004.

The Boys and Girls Club argues that because fact discovery has been closed, it is prejudiced by Plaintiffs' "new" proposed allegations in Plaintiffs' Fourth Amended Complaint.

Defendants Stephanie Nagey, Amy Gahn, and Prairie Central School District No. 8 Board of Education, in their Response [174] note that Plaintiffs' motion for leave to file Fourth Amended Complaint was filed on the last possible date, is unduly late, is likely to delay litigation in this matter, and is not based upon any good faith basis in law (see [174] at page 1).  These Defendants also point out that Plaintiffs have failed to advise the Court that the documents they refer to in their motion for leave

to file Fourth Amended Complaint were produced either at the time of the Rule 26 disclosures in October 2004 [94], or in the School District and employees Defendants' responses to request to produce and answers to interrogatories filed January 6, 2005 [98].  These Defendants also argue that as discovery is now closed, new depositions and re-depositions involving many witnesses may have to be conducted if Plaintiffs' motion for leave to file Fourth Amended Complaint is allowed.  These Defendants note that Count IX in Plaintiffs' proposed Fourth Amended Complaint contains a completely new theory involving breach of contract.  They argue that injecting an entirely new theory immediately before the current scheduled date of the close of discovery is going to engender an entirely new round of motions to dismiss and assertion of legal defenses which will almost certainly cause the extension of discovery deadlines, expert witness disclosure deadlines, and the currently scheduled trial date.

## ANALYSIS

Federal Rule of Civil Procedure 15(a) provided that:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Fed. R. Civ. P. 15(a). Since Defendants have already answered Plaintiffs' Third Amended Complaint, Plaintiffs may only file their Fourth Amended Complaint by leave of Court or by written consent of Defendants. Defendants do not consent to the amendment. Consequently, Plaintiffs' proposed Fourth Amended Complaint may only stand by leave of Court.

The United States Supreme Court has held that leave to amend should be freely granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment . . . ." Forman v. Davis, 371 U.S. 178, 182 (1962). See also Looper Maint. Serv. Inc. v. City of Indianapolis, 197 F.3d 908, 914 (7th Cir., 1999). The grant or denial of a motion for leave to amend is within the discretion of the trial court. Orix Credit Alliance, Inc. v. Taylor Mach. Works, Inc., 125 F.3d 468, 480 (7th Cir., 1997); Kleinhans v. Lisle Sav. Profit Sharing Trust, 810 F.2d 618, 625 (7th Cir., 1987). Although leave to amend should be granted freely, it is not automatic. Moores Fed Practice 3D §15.14[1]. The District Court may consider a variety of factors in determining whether to grant leave. Id. §15.15.

Defendants argue that Plaintiffs' Motion for Leave to File Fourth Amended Complaint should be denied because (1) there was undue delay by Plaintiffs; (2) it would be futile to allow the amended complaint; (3) allowing the amendment will be unduly prejudicial; and, (4) allowing Plaintiffs' Motion to File Fourth Amended Complaint would necessitate unnecessary delay, require extensions of the time for completion of discovery, require re-deposing of numerous witnesses, and delay the trial.

The Court agrees with Defendants that Plaintiffs' motion for leave to file Fourth Amended Complaint should be denied.  The Court finds that there was undue delay by Plaintiffs in bringing their proposed Fourth Amended Complaint.  The Court notes that Plaintiffs were in possession of the documents pertaining to the contract which leads to Plaintiffs' new theory in proposed Count IX as early as October of 2004 (see [94]).  This is not newly discovered information.  This is a newly pled theory based upon old information.  See Bohen v. City of East Chicago, Ind., 799 F.2d 1180, 1184 (7th Cir., 1986) (Delay and prejudice may preclude automatic grant of amendment.)  Cleveland v. Porca Co., 38 F.3d 289, 297-299 (7th Cir., 1994) (Trial Court did not abuse its discretion when amendment sought to add new claim late in day.)

The Court also finds that it may be futile to allow the proposed Fourth Amended Complaint and the additional theory.  The Court adopts the reasons stated by the Defendants for this finding.

The Court also finds that at this late date, with fact discovery having closed, that allowing the proposed Fourth Amended Complaint would be unduly prejudicial to Defendants.  A new round of motion practice will undoubtedly occur.  Many individuals who have been deposed would have to be re-deposed concerning Plaintiffs' new theory and allegations.  A Court should also consider judicial economy and its ability to manage its caseload and the instant case when deciding upon a motion for leave to amend.  <u>Moores Fed Practice</u> 3D §15.15[1].   See <u>Perrian v. O'Grady</u>, 958 F.2d 192, 195 (7th Cir, 1992).  (Justification for denying leave to amend includes prejudice to the judicial system and the public's interest in prompt resolution of disputes <u>even</u> if there is no prejudice to non-moving party.)  Plaintiffs should not be awarded for their foot-dragging.  If the Court would allow this Fourth Amended Complaint to be filed, prejudice would result to the Defendants, the Court, and the public.  It is simply too late in the game to allow Plaintiffs' belated request.

## CONCLUSION

WHEREFORE, IT IS RECOMMENDED THAT Plaintiffs' Motion for Leave to File Instanter Fourth Amended Complaint with incorporated memorandum of law [169] be DENIED.  FURTHER, IT IS RECOMMENDED THAT Plaintiffs' Motion to Clarify their Motion for Leave to File Fourth Amended Complaint [176] be DENIED as moot.
Should the parties have any objections, they must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).  Failure to timely object will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See also Local Rule 72.2.

The Court also DENIES, without prejudice to refiling, the Motion for Status Conference filed in all three Doe cases:  [193] in Case #03-CV-1107, [97] in Case #03-CV-1135, and [199] in Case #03-CV-1137.   If U.S. District Judge McDade adopts this Report and Recommendation, there is no need for a status conference.

ENTER:   August 26, 2005

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE
