E-FILED
Tuesday, 29 November, 2005  09:19:20 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

```
JANE DOE-2, by her Parents      )
and Next Friends, JOHN DOE-2,   )
and JULIE DOE-2, and            )
JOHN DOE-1 and JULIE            )
DOE-2,                          )
                                )
          Plaintiffs,           )
                                )
     v.                         )     Case No. 03-1137
                                )
GERALD SCOTT HUDDLESTON, ET AL, )
                                )
          Defendants.           )
```

# O R D E R

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation ("R & R") [Doc. # 202], addressing Plaintiffs' Motion for Leave to File Instanter Fourth Amended Complaint [Doc. # 169] and Plaintiffs' Motion to Clarify their Motion for Leave to File Instanter Fourth Amended Complaint [Doc. # 176]. Plaintiffs have filed objections and Defendants have responded. For the reasons that follow, the Court will adopt Magistrate Judge Cudmore's Recommendation and will deny Plaintiffs' motions.

## BACKGROUND

As discussed in Magistrate Judge Cudmore's R & R, this case has a voluminous pleading history involving three amended complaints and several motions to dismiss. As a result, over fifteen months passed between the filing of the original complaint and the October 18, 2004 Rule 16 scheduling conference. On October 19, 2004, Magistrate Judge Cudmore entered a Scheduling Order which also applied to the other two related cases. As relevant, that order stated:

> No Motions to join other parties or to amend the pleadings to be filed without advanced leave of Court which must be filed by July 15, 2005.

(Doc. # 91).

Plaintiffs moved to file their Fourth Amended Complaint on July 15, 2005. In that motion, Plaintiff sought to amend their Third Amended Complaint to add a breach of contract claim against both the Boys and Girls Club and the School District and to add additional factual allegations to support their intentional infliction of emotional distress and negligence claims. Plaintiffs later (in their Motion to Clarify) acknowledged that their intentional infliction of emotional distress claim had been dismissed over a year ago, but argued that the amendments to that claim were appropriate to avoid waiver on appeal. Defendants objected to Plaintiffs motion arguing, among other things, that the motion was filed unduly late and that allowing amendment of the complaint would be futile.

Magistrate Judge Cudmore recommended that Plaintiffs' motion be denied (1) because Plaintiffs' delay in bringing their newly proposed breach of contract claim was unreasonable as they were in possession of the documents that led to the claim as early as October 2004, (2) because "it may be futile to allow the proposed Fourth Amended Complaint and the additional theory," and (3) because allowing the proposed amendments would unduly prejudice Defendants and the Court as additional motion practice and discovery would likely be necessary. Plaintiffs objected to this recommendation arguing (1) that the complex pleading history supported allowing amendment of the pleadings, (2) that the motion to amend was timely filed, (3) that it would not be futile or unduly prejudicial to allow their motion, (4) that any delay caused

by the amendment is necessary delay, and (5) newly discovered evidence supported additional factual allegations regarding Plaintiffs' negligence claim against Defendant Boys and Girls Club.

## LEGAL STANDARD

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made." Fed.R.Civ.Pro. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id. However, the Court emphasizes that Rule 72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]." Id. (emphasis added).

## ANALYSIS

Federal Rule of Civil Procedure 15 (a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Since a responsive pleading has already been filed in this case, leave of Court is required for Plaintiff to amend their complaint. The Supreme Court has held that leave to amend should be freely granted in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. . ." Forman v. Davis, 371 U.S. 178, 182

3

(1962).  "Generally, the decision whether to grant a party leave to amend the pleadings is a matter left within the discretion of the district court."  Orix Credit Alliance, Inc. v. Taylor Machine Works, Inc., 125 F.3d 468, 480 (7th Cir. 1997).

For the reasons that follow the Court will deny Plaintiffs leave to amend because of the undue delay in filing the amended complaint and because the proposed breach of contract claim would be futile.

**Plaintiffs' delay in filing their proposed amended complaint is undue.**

Plaintiffs argue the new claim and allegations they seek to add with their amended complaint stem from a deposition that occurred in June 2005.  However, Plaintiffs were in possession of the documents relevant to the breach of contract claim as early as October 2004.  At a minimum, these documents (the contract itself, the "club" sign in sheets, and the statements of Defendants' employees) would have put Plaintiffs on notice of a potential breach of contract claim, and Plaintiffs should have investigated this claim at that time.  As for the new allegations in support of Plaintiffs' negligence claim, most of these new allegations involve facts that Plaintiff Jane Doe-2 would have been aware of considering they concern her reporting sexual misconduct to an employee of Defendant Boys and Girls Club.  Thus, Plaintiffs would have been aware of these facts from the start of the litigation.[1]

---

[1] The remaining facts are related to that employees' failure to report the misconduct to the authorities.  However, by the time the conduct was reported to that employee the authorities had already been notified.  Accordingly, the Court fails to see how Plaintiff was damaged by the conduct alleged in the

**Amendment of Plaintiffs' complaint to add the proposed breach of contract claim would be futile.**

Under Illinois law, a third party may sue for breach of contract if the contract was entered into for their direct benefit. Olson v. Etheridge, 686 N.E.2d 563, 566 (Ill. 1997). However, there is a strong presumption that parties to a contract have not acted for the benefit of anyone other than themselves, which can only be overcome by language "so strong as to amount practically to an express declaration." B.C. v. J.C. Penney Co., Inc., 562 N.E.2d 533, 539 (Ill. App. 1990), citing People ex rel. Hartigan v. Community Hospital, 545 N.E.2d 226, 233 (Ill. App. 1989).

Plaintiffs assert that a provision in a contract between Defendant Boys and Girls Club and Defendant Prairie Central School District (the "Rental Agreement") conferred third-party benefits to them. In particular, Plaintiffs assert that a provision in the Rental Agreement, which required Boys and Girls Club to provide a one to ten supervision ratio, was for their benefit and was breached. Plaintiffs' argument is based on a statement in the Rental Agreement expressing the purpose of the agreement as being to "better serve the needs of children." However, this language is far from an "express declaration" of intent to create third party benefits. Thus, the Court finds this language insufficient to convey any rights to Plaintiffs. Cf. Barney v. Unity Paving, 639 N.E.2d 592, 596-97 (Ill. App. 1994) (bus passenger, who was injured when subcontractor's uninsured truck collided with bus, was not a third-party beneficiary of contract between city and contractors

---

additional allegations.

obligating contractors to require subcontractors to have motor vehicle insurance and furnish certificate of insurance to city); B.C., 562 N.E.2d at 540 (shopping mall customer was not third-party beneficiary of contract between construction company and retail store for whom construction was taking place which required construction company to take precautions for safety of "person engaged in work or who may be affected thereby"). Accordingly, the Court finds Plaintiffs' proposed breach of contract claim would be futile.

## CONCLUSION

IT IS THEREFORE ORDERED that the Court ADOPTS the Report and Recommendation of the Magistrate Judge [Doc. # 202].

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File Instanter Fourth Amended Complaint [Doc. # 169] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Clarify their Motion for Leave to File Instanter Fourth Amended Complaint [Doc. # 176] is DENIED as MOOT.

IT IS FURTHER ORDERED that this case is referred back to Magistrate Judge Cudmore for further proceedings.

ENTERED this __29th__ day of November, 2005.

                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                              United States District Judge