E-FILED
Friday, 26 January, 2007   03:43:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JANE DOE - 2, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 03-CV-1137 |
| | ) |
| GERALD SCOTT HUDDLESTON, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Pending before the Court is Plaintiffs' Motion for Default Judgment against Defendant Huddleston (d/e 28).  The Court entered default against Defendant Huddleston in Plaintiffs' favor on September 4, 2003 (d/e 32). The matter was referred to this Court by the District Judge, pursuant to Local Rule 72.1, to establish the amount of damages to which Plaintiffs are entitled and the preparation of a corresponding Report and Recommendation (d/e 34).  As set forth below, the Court recommends that judgment be entered in favor of Plaintiffs against Defendant Huddleston, and that Plaintiffs be awarded compensatory damages in the amount of $600,000 and punitive damages in the amount of $125,000.

Plaintiffs' First Amended Complaint (d/e 6), alleged against Defendant Huddleston:

>Count II - Section 1983, 42 U.S.C. 1983, et seq.
>
>Count V - Assault and Battery
>
>Count VI - Intentional Infliction of Emotional Distress
>
>Count IX - Illinois Hate Crime Act 720 ILCS 5/12-7.1

In Judge McDade's Order of November 10, 2003 (d/e 34), the matter was referred to the undersigned for a prove-up hearing for damages against Defendant Huddleston.  However, Judge McDade ruled that the prove-up was not to be held until the conclusion of discovery and the resolution of all dispositive motions, including a final trial on the merits if necessary.  On September 12, 2006, Judge McDade entered an Order granting various other Defendants' motions for summary judgment (d/e 246).  Thereafter, steps were taken to ascertain Plaintiffs' intentions with regard to the pending default judgment against Defendant Huddleston (see docket entry of September 18, 2006).  On October 27, 2006, Judge McDade denied various motions to alter judgment and for reconsideration and again referred the matter to the undersigned for a report and

recommendation concerning damages as to the defaulted Defendant Huddleston (d/e 252).

This Court directed Plaintiffs to submit a status report outlining the notice requirements, if any, that Defendant Huddleston needed to receive for the prove-up hearing and whether Defendant Huddleston had a right to participate at the prove-up hearing whether in person or by telephone from the Illinois Department of Corrections.[1]  On November 17, 2006, Plaintiffs filed a Motion for Order Allowing Paper Submissions for Prove-Up of Damages Against Defendant Huddleston (d/e 254).  Thereafter, the undersigned directed the Clerk to send copies of the Status Report (d/e 253) and the Motion for Order Allowing Paper Submissions for Prove-Up of Damages (d/e 254) to Defendant Huddleston at his inmate address. Defendant Huddleston was directed to respond by December 15, 2006. Defendant Huddleston failed to file any response whatsoever.  Thereafter, on December 20, 2006, in a Text Order, the undersigned allowed Plaintiffs' Motion for Order Allowing Paper Submissions for Prove-Up of Damages Against Defendant Huddleston (d/e 254) and directed that paper / document submissions be submitted by January 26, 2007.  On January 25,

---

[1] **Defendant Huddleston, in the underlying criminal case, was convicted of various sexual assault charges relating to minors and sentenced to life imprisonment.**

2007, Plaintiffs filed their paper / document submissions concerning prove-up (d/e 255).

Federal Rule of Civil Procedure 55(b)(2) grants the Court broad discretion in determining the amount of damages after default and states the Court "may conduct such hearings or order such references as it deems necessary and proper. . . ."  Thus, the paper / document prove-up of damages is an appropriate methodology herein.

Plaintiffs seek both compensatory damages and punitive damages as set forth in Plaintiffs' Prove Up of Damages Flowing From Default Judgment Against Defendant Huddleston (d/e 255).  Plaintiffs' prove-up report sets forth the underlying facts that support their request for damages.  To say the least, Defendant Huddleston's conduct was reprehensible and involved predatory criminal sexual acts on Jane Doe-2 (see d/e 255, pgs. 3, 4).  Defendant Huddleston confessed to his sexual exploitation of Jane Doe-2.  Id.  Jane Doe-2 was blindfolded by Defendant Huddleston and locked in a room with Defendant Huddleston where the sexual acts were performed.  Id.  The amount of compensatory and punitive damages requested by Plaintiffs is reasonable and appropriate under these facts.

Plaintiffs have done an excellent job of detailing the law that controls damages for child sexual abuse cases (see d/e 255, pgs. 7-9).  The Court adopts the case citations from those pages as if fully set forth herein.  The Court has no doubt that compensatory damages should be awarded under controlling precedent, and further has no doubt that punitive damages should be awarded against Defendant Huddleston for the hate crime, Count IX, and for his violation of Jane Doe-2's constitutional rights while acting under color of state law, Count II.

WHEREFORE, as requested by Plaintiffs, the Court recommends that as to Count II, Plaintiffs be awarded $100,000 in compensatory damages and punitive damages in the amount of $50,000.  As to Count V, Plaintiffs be awarded $200,000 in compensatory damages for sexual assault and sexual battery against Jane Doe-2.  Further, that the Plaintiffs be awarded $100,000 in compensatory damages for Defendant Huddleston's intentional infliction of emotional distress upon Jane Doe-2 as to Count VI, and lastly, as it pertains to Count IX, Plaintiffs be awarded $200,000 in compensatory damages and $75,000 in punitive damages for Huddleston's commission of a hate crime against Jane Doe-2 by

assaulting her and battering her while motivated in part by reason of her gender.

For the reasons set forth above, I recommend that judgment be entered in favor of Plaintiffs against Defendant Huddleston, and that Plaintiffs be awarded compensatory damages in the amount of $600,000 and punitive damages in the amount of $125,000.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after being served with a copy of this Report and Recommendation.  See 28 U.S.C. § 636(b)(1).   Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

IT IS THEREFORE SO ORDERED.

ENTER:    January 26, 2007.

       FOR THE COURT:

                              s/ Byron G. Cudmore
                              _____
                              BYRON G. CUDMORE
                              UNITED STATE MAGISTRATE JUDGE